UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| BEVERLY J. WEBER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 12-100-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| AT&T MOBILITY SERVICES, LLC, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

After reviewing the record and inferring that the parties did not wish to proceed to trial, the Court issued a Show Cause Order [R. 29] directing the parties to explain why this case should not be dismissed with prejudice. The Defendant, Alan Tye, objects to the potential dismissal of this case with prejudice, and instead proposes two alternative resolutions. AT&T Mobility Services, LLC, the other Defendant in this matter, and the Plaintiff, Beverly Weber, do not object. For the reasons set forth below, Weber's claims will be dismissed with prejudice and any potential claims asserted by Tye will be dismissed without prejudice.

**I**

Weber alleges that AT&T violated provisions of Title VII of the Civil Rights Act of 1964 and Kentucky Revised Statutes 344.0101 *et seq* by allowing its supervisory agents to discriminate and harass her based on her gender. Furthermore, Ms. Weber believes AT&T engaged in retaliatory actions against her after she complained about the discriminatory treatment. All of this, according to Ms. Weber, is outrageous conduct on the part of AT&T and another employee, Alan Tye, causing the infliction of severe emotional distress.

Both AT&T and Tye filed answers denying those claims. Tye included in his answer what he characterizes as a counterclaim. The record does not show that Weber ever responded to the alleged counterclaim. Weber has since filed two stipulations of dismissal pursuant Federal Rule of Civil Procedure 41 evincing her intent to dismiss with prejudice her claims against AT&T and Weber. [R. 21, R. 23]

## II

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, the Court has the right to dismiss this action so long as any counterclaims pleaded "can remain pending for independent adjudication." Fed.R.Civ.P. 41(a)(2). In the Show Cause Order, the Court questioned the sufficiency of Tye's alleged counterclaim and remarked that "Tye seems to predicate asserting his Counterclaim on the Court retaining jurisdiction over Weber's tort of outrage claim." [R. 29, at 3.] Rather than address the Court's concerns in his response, Tye continues under the notion that he has asserted an actual claim. He recommends that rather than dismiss the entire matter with prejudice, the Court should "decline to continue to exercise supplemental or ancilliary jurisdiction and dismiss the state claim without prejudice to be re-filed in state court or simply remand those claims to state court." [R. 31, at 5.] He prefers these options, so that he may retain the alleged counterclaim.

Notwithstanding Tye's recommendations, it is still unclear whether an actual counterclaim exists. The answer, provides in pertinent part:

> Should this Court retain jurisdiction over the Plaintiff's state law claim for damages associated with the common law tort of "outrage", this responding Defendant states and alleges that the Plaintiff or those acting in concert with the Plaintiff or at the direction of the Plaintiff have made written and oral statements about this responding Defendant, when the Plaintiff or others acting in concert with or at the direction of the Plaintiff knew or should have known that such statements were false, misleading and likely to cause injury to his business reputation and diminish his ability to labor and earn money.

2

[R. 12, at 3.] The first clause of the paragraph indicates that the existence of the counterclaim is contingent upon the Court retaining jurisdiction over Weber's claims. Thus, on account of his own drafting, Tye created a triggering event that upon its occurrence would terminate his claim. Nevertheless, Tye has opted to proceed as if his counterclaim is void of any deficiencies. By doing so, he tacitly conveys that his intentions were not to place any sort of restrictions on his counterclaim. He may have intended otherwise, but Rule 8(a)(2) of the Federal Rules requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Tye's alleged counterclaim might be considered short, but it is not plain and runs afoul of the spirit of Rule 8. *See Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771 (7th Cir. 1994).

Nevertheless, out of an abundance of caution and concern for Tye's ability to raise his issue in state court, any rights or potential claims that he attempted to assert in his answer will be "dismissed without prejudice." The difference between the phrases, "with prejudice" and "without prejudice," has far reaching implications. The Sixth Circuit has noted this difference and has remarked that "[u]nlike a dismissal without prejudice, a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation." *Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 575 (6th Cir. 2010); *United States v. One Tract of Real Property Together With All Buildings, Appurtenances, Buildings, and Fixtures*, 95 F.3d 422, 426 (6th Cir. 1996). Hence, the Court's concern for the preservation of any substantive issues Tye attempted to raise trumps any drafting errors he might have committed.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) Weber's Claims are **DISMISSED with prejudice**;

(2) Tye's Claims are **DISMISSED without prejudice**; and

(3) This **ACTION is STRICKEN** from the Active Docket.

This 16th day of August, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge